**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4713**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD CHISHOLM,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:14-cr-00132-RGD-LRL-1)

—————————

Submitted:  May 26, 2016          Decided:  June 15, 2016

—————————

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James R. Theuer, JAMES R. THEUER, PLLC, Norfolk, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Joseph Kosky, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Chisholm appeals his jury convictions and 218-month sentence for one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (2012); four counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2012); and 14 counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012). Chisholm asserts that the district court: (1) erroneously instructed the jury on the conspiracy charge against him; (2) erred when it allowed the Government to call as a witness Chisholm's probation officer, and denied his motion for a mistrial when another witness stated that Chisholm was "locked up" during a portion of the conspiracy with which he was charged; and (3) imposed an unreasonable sentence when it increased his base offense level for sophisticated means, made his sentence on two of the aggravated identity theft convictions run consecutive to his remaining sentences, and awarded the Government both forfeiture and restitution for his crimes without crediting one for the other. Finding no error, we affirm.

We review a district court's decision regarding jury instructions for an abuse of discretion. United States v. Kivanc, 714 F.3d 782, 794 (4th Cir. 2013). Because a district court is given broad discretion in fashioning a charge, a party challenging a district court's instructions faces a heavy

2

burden. See Noel v. Artson, 641 F.3d 580, 586 (4th Cir. 2011). Accordingly, we must determine "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id. (internal quotation marks omitted). In so determining, the district court will only be reversed for declining to give a proposed jury instruction when the requested instruction: "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired that party's ability to make its case." Id. (internal quotation marks omitted). We have considered Chisholm's arguments and discern no error in the district court's jury instructions.

We give "substantial deference to a district court's decision to exclude evidence, and . . . will not reverse the district court's decision absent a clear abuse of discretion." United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir. 1997) (internal quotation marks omitted). Thus, evidentiary rulings are also reviewed for abuse of discretion, and we "will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted); see Malone v.

Microdyne Corp., 26 F.3d 471, 480 (4th Cir. 1994) (reviewing ruling on motion in limine for abuse of discretion).

On abuse of discretion review, we may not substitute our judgment for that of the district court; rather, we must determine whether the district court's "exercise of discretion, considering the law and the facts, was arbitrary or capricious." United States v. Banks, 482 F.3d 733, 742-43 (4th Cir. 2007) (internal quotation marks omitted). "When reviewing the district court's decision to admit evidence under Rule 403, we must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 350 (4th Cir. 2014) (internal quotation marks omitted). We discern no abuse of discretion in the district court's decision to allow Chisholm's probation officer's testimony.

We also review a district court's decision to deny a motion for a mistrial for abuse of discretion. See United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008). To establish abuse of discretion, a defendant must show prejudice. See United States v. Hayden, 85 F.3d 153, 158 (4th Cir. 1996). Given counsel's failure to request a curative instruction, the lack of prejudice to Chisholm, and the apparent inadvertent nature of the particular witness's comment, it was not error for the district court to deny Chisholm's motion for a mistrial. See

4

*Wallace*, 515 F.3d at 330-31 (holding that district court did not abuse its discretion when it denied motion for mistrial where Government did not purposefully elicit prejudicial testimony and defense counsel did not immediately request a curative instruction).

We review a sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). We presume on appeal that a sentence within the Guidelines range is reasonable. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010).

We reject Chisholm's argument that the district court erred when it increased his offense level for using sophisticated

5

means to commit his offenses, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2B1.1(b)(10)(C) (2014). "Whether a defendant's conduct involved sophisticated means is an essentially factual inquiry," that we "review for clear error." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014). Pursuant to USSG § 2B1.1(b)(10)(C), a defendant receives a two-level sentencing enhancement for an offense that involves "sophisticated means" if "the defendant intentionally engaged in or caused the conduct constituting sophisticated means[.]" USSG § 2B1.1(b)(10)(C). Thus, the sophisticated means enhancement applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1 cmt. n.9(B). "For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means." Id.

While the scheme must involve "more than the concealment or complexities inherent in fraud[,]" Adepoju, 756 F.3d at 257, courts can find that a defendant used sophisticated means even where he did "not utilize the most complex means possible to conceal his fraudulent activit[y]." United States v. Jinwright, 683 F.3d 471, 486 (4th Cir. 2012) (applying sophisticated means enhancement in USSG § 2T1.1(b)(2) in context of tax fraud).

6

Thus, "[t]he court need only find the presence of efforts at concealment that go beyond (not necessarily far beyond . . . ) the concealment inherent in . . . fraud." Id. (internal quotation marks omitted).

Although Chisholm characterizes his conduct as merely cashing checks, and insists that his conduct "lacked any of the badges of sophistication[,]" we find that the evidence established that Chisholm took efforts at concealment that went beyond the concealment inherent in fraud. Accordingly, we discern no error in the district court's decision to enhance Chisholm's offense level under USSG § 2B1.1(b)(10)(C).

We reject Chisholm's argument that the district court abused its discretion when it imposed the 24-month sentences on two of the aggravated identity theft convictions to run consecutive to his remaining sentences. Although Chisholm correctly cites a portion of the Commentary to USSG § 5G1.2, the district court was allowed to consider the seriousness of the underlying offenses and the § 3553(a)(2) sentencing factors in determining whether to run Chisholm's sentences concurrently or consecutively. See USSG § 5G1.2 cmt. n.2(B) (2014). Because Chisholm has established no procedural or substantive error in

his 218-month sentence, we find that the district court did not abuse its discretion in imposing the sentence.*

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* We reject Chisholm's argument that the district court's decision to order both restitution and forfeiture without any credit against one for funds received for the other resulted in double recovery by the Government. See United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) ("Forfeiture is mandatory even when restitution is . . . imposed. These two aspects of a defendant's sentence serve distinct purposes: restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer. . . . Because [they] are distinct remedies, ordering both in . . . similar amounts does not generally amount to a double recovery.").

8